IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY M. HALL TRUST NO. 2, BY
TRUSTEE, GEORGE HALL,

    Plaintiff,

    v.      Case No. 09-2568-JTM

JOYCE E. MARTIN, CITY MANAGER,
and the CITY OF GARNETT, KANSAS,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for summary judgment. (Dkt. No. 9). Mary M. Hall Trust No.2, by Trustee, George Hall ("Hall") filed this action against Joyce E. Martin, and the City of Garnett, Kansas alleging they violated Hall's right to due process of law and deprived him of property without due process of law in violation of 42 U.S.C. §1983. (Dkt. No. 1 at 3).

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885

(10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir.1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56 (c), the party opposing summary judgment must do more than show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

On November 5, 2008, the City of Garnett, Kansas issued a complaint, which was signed by Joyce E. Martin, to George Hall concerning a dilapidated house. Mary M. Hall Trust No. 2 owned the house, and Hall was the trustee. On November 19 and December 3, 2008, administrative hearings were held, and after the administrative hearings, the hearing officer, Martin, who is also the City Manager of Garnett, issued an order that the house was a dangerous structure, and must either be demolished or a plan for its repair must be presented to the city within thirty days.

On January 2, 2009, Hall filed a petition for review of Martin's order in the district court of Anderson County, Kansas. Hall's petition alleged the following:

1) the condition of the residential structure did not warrant its destruction
2) the residential structure was not unsafe, unsanitary . . . .
3) the decision to order demolition was unreasonable . . . unsupported by the evidence
4) the order to demolish was void because Martin acted as the complaining witness, the plaintiff, and the judge in violation of the plaintiff's constitutional right to due process

In the petition, Hall sought a temporary and permanent injunction restraining Martin from carrying out the provisions of the demolition order issued on December 3, 2008. He claimed a deprivation of due process rights because Martin, the hearing officer, was also the city official who signed the complaint.

Martin did not investigate any of the underlying facts in the complaint she signed regarding the dilapidated house. The investigation regarding the condition of the property was conducted by Herb Waring, Zoning Administrator for the City of Garnett, and Andy Frye, Code Enforcement Officer for the City of Garnett. Martin signed the complaint in her capacity as City Manager of Garnett, as required by Title 8, Chapter 5 of the Municipal Code of the City of Garnett, Kansas, and by K.S.A. 17-4759. Martin's role at the administrative hearing was the hearing officer, she did not testify at the administrative hearings.

On February 13, 2009, Hall sold the property at issue to Terry and Sherry Lust. Hall filed a motion for summary judgment on May 6, 2009, alleging that the order to demolish was void because the procedure used by the City of Garnett violated his constitutional due process rights. The state district court judge denied Hall's motion for summary judgment on September 14, 2009. On September 17, 2009, Hall filed an amended petition in state district court asserting a deprivation of

3

due process in violation of 42 U.S.C. § 1983. Hall alleged in the amended petition that he sold the property at issue, and consequently suffered damages as a result of a forced sale. Hall dismissed the state district court case and filed the complaint here on November 5, 2009.

Hall maintains "the proceeding was not fair, open, and impartial, because the same person [Martin] filled all of the various roles in pursuing the city's case for demolition. (Dkt. No. 10 at 4). Hall alleges the following in support of his argument: 1) "Ms. Martin actually filed the lawsuit as the plaintiff, acted as the complaining witness, and purported to decide the very issues upon which she brought complaint. She is the one that issued the order to demolish the structure. There was . . . no separation of roles throughout the entire procedure," (Dkt. No. 10 at 4), and 2) "when the City Manager [Martin] . . . filed suit in the District Court of Garnett, Kansas, . . . she made specific conclusions and allegations with regard to the things that needed to be done, she created bias and partiality." (Dkt. No. 17 at 4-5).

In the defendants' response, they allege that "Hall misapprehends Martin's role in the proceedings, and fails to provide any evidence that Martin acted with bias in her role as a hearing officer." (Dkt. No. 16 at 9). The defendants maintain that the "plaintiff is not entitled to summary judgment on his due process claim. In fact, plaintiff's claim fails as a matter of law and should be dismissed." (Dkt. No. 16 at 12).

"The Due Process clause of the Fourteenth Amendment does not prohibit the government from depriving an individual of 'life, liberty, or property'; it protects against governmental deprivations of life, liberty, or property 'without due process of law.' " *Farthing v. City of Shawnee,* 39 F.3d 1131, 1135 (10th Cir.1994) (quoting U.S. Const. amend. XIV)).

"To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Watson v. Univ. of Utah Med. Ctr.,* 75 F.3d 569, 577 (10th Cir.1996) (internal quotation marks omitted). A plaintiff must first demonstrate that he had a protected property or liberty interest when asserting a procedural due process violation. (*Id.*). Once a plaintiff has identified a clearly established right, we examine whether he has come forward with the necessary factual allegations. *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 593 (10th Cir.1994).

A fundamental principle of procedural due process is a hearing before an impartial tribunal. *See Withrow v. Larkin,* 421 U.S. 35, 46-47 (1975). "A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." *Patrick v. Miller,* 953 F.2d 1240, 1245 (10th Cir.1992) (quotation omitted). However, "a substantial showing of personal bias is required to disqualify a hearing officer or tribunal in order to obtain a ruling that a hearing is unfair." *Corstvet v. Boger,* 757 F.2d 223, 229 (10th Cir.1985). Moreover, "[b]ecause honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Mangels v. Pena,* 789 F.2d 836, 838 (10th Cir.1986) (citation omitted).

Hall's Complaint specifies "[d]efendants' actions constitute a violation of plaintiff's right to due process of law and constitutes a state action depriving plaintiff of property with due process in violation of 42 U.S.C. 1983." (Dkt. No. 1 at 3). Halls's claim is governed by 42 U.S.C. § 1983 and constitutional law. Therefore, Hall must satisfy the elements of that statute, which states, in part: "every person who . . . subjects, or causes to be subjected, any citizen . . . to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured . . . ." 42 U.S.C. § 1983. The plain wording of the statute contains an element of causation. In other words, a defendant may not be held liable under § 1983 unless he or she subjected a citizen to the deprivation, or caused a citizen to be subjected to the deprivation. *See* 1A Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Claims and Defenses* § 6.3 (3d ed.1997).

Hall asserts a procedural due process violation based on the lack of separation of roles throughout the entire proceedings. (Dkt. No. 10 at 4). He alleges that "[Martin] had decided her view as to the merits of the case from the beginning . . . ." (*Id.* at 4-5). He argues that his procedural due process rights were violated because Martin, the city manager, filed the complaint, acted as the complaining witness, served as the hearing officer, then ultimately imposed the order of demolition. (*Id.*).

"Mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not . . . disqualify a decisionmaker" and demonstrate actual bias. *Hortonville Joint School District No. 1 v. Hortonville Education Ass'n,* 426 U.S. 482, 493 (1976); *Mangels v. Pena,* 789 F.2d 836, 838 (10th Cir.1986). In many small public agencies human resource personnel wear multiple hats. Thus, the "contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a . . . difficult burden of persuasion to carry." *Withrow,* 421 U.S. at 47. The fact "that [an agency] had entertained . . . views as the result of its prior ex parte investigations did not necessarily mean that the minds of its members were irrevocably closed on the subject . . . ." *Id.* at 48, 56-58 (citation omitted). The case law generally rejects the idea that a combination of adjudicatory and investigatory functions is a denial of due process. *Id.* at 51, 56-58; *see also Hicks,* 942 F.2d at 748.

6

Personal bias may be shown by prior statements going to the merits or animus that establish the decisionmaker cannot be fair. In *McClure v. Independent School District No. 16,* 228 F.3d 1205, 1215-16 (10th Cir.2000), for example, bias was established where decisionmakers "publicly stated their intent to terminate McClure's employment prior to the hearing at which the matter of her termination was to be decided." In *Staton v. Mayes,* 552 F.2d 908, 914 (10th Cir.1977), bias was shown when three of five school board members made statements prior to the hearing that the superintendent should be fired. "[F]irm public statements before the hearing" by a defendant who publicized his pledge to seek a new administration and to change the superintendent, and who advertised that two other defendants had publicly said that no progress could be made without a new superintendent. *Id.* In those circumstances, "statements on the merits by those who must make factual determinations on contested fact issues of alleged incompetence and willful neglect of duty, where the fact finding is critical . . . left no room for a determination that there was a decision by a fair tribunal, with the appearance of fairness." *Id.* at 914-15.

The uncontroverted facts are that Martin did not participate in the investigation nor conduct fact-finding of the matters prior to the hearing. The fact that Martin signed off on the complaint, presided over the hearing, and was the final decisionmaker is not enough to overcome the presumption of honesty and integrity. *See Hortonville Joint School District v. Hortonville Educ. Assn., supra,* 426 U.S. at 497. Even if Martin had participated in the investigation, the combination of investigative and adjudicative functions alone does not disqualify a board from conducting a hearing. *Withrow v. Larkin,* 421 U.S. at 58. Hall's reliance on the fact that Martin signed the complaint against him and was the decisionmaker as evidence of a denial of his procedural due process rights fails as a matter of law.

In the defendants' response, they request the court to dismiss "the plaintiff's claim [since it] fails as a matter of law." (Dkt. No. 16 at 12). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain factual allegations that "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, the complaint must contain allegations that create a claim for relief not just speculatively but plausibly. *Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir.2008). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claim is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007).

In determining a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint to be true and views them in a way most favorable to the plaintiff. *Shelby v. Mercy Reg'l Health Ctr.,* No. 07-4147, 2009 WL 1067309, at *1 (D.Kan. April 21, 2009). "The court's function on a Rule 12(b)(6) is not to weigh potential evidence that the parties might present at trial but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir.2003).

Hall did not offer any meaningful challenge to the myriad opinions conclusively rejecting any procedural due process claim under the allegations of this case. There is nothing alleged in the record that establishes that Martin was biased against Hall, thus rendering her preceding over the administrative hearings as worthy of scrutiny. Hall received constitutionally adequate due process through the procedure conducted by Martin**.**

The defendants present several more arguments why the plaintiff's case should not be allowed to proceed. In light of the court's findings, the court finds it unnecessary to address those other arguments.

IT IS ACCORDINGLY ORDERED this 6th day of August, 2010, that the plaintiff's motion for summary judgment (Dkt. No. 9) is denied, and defendants' motion to dismiss is granted.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE